IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00924-D

**Cook Productions, LLC**,

        Plaintiff,

v.

**Does 1–10**,

        Defendants.

**Order**

      Plaintiff Cook Productions, LLC requests leave of court to conduct discovery prior to conducting a Rule 26(f) conference. The Court, having reviewed the Motion and the Memorandum of Law in Support of the Motion believes that good cause has been shown to grant the motion. Therefore is it ordered that:

      1.    Plaintiff's Motion is ALLOWED on the terms set forth below.

      2.    As to each Defendant, Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an Internet Protocol ("IP") address as set forth in Exhibit B to the Complaint. Each ISP is ordered to provide the documents sought in each subpoena in accordance with the terms of this Order. Plaintiff shall attach to any such subpoena a copy of this Order.

      3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs qualify as a "cable operator," as defined by 47 U.S.C. § 522(5) by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenas information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolved to the same individual, or for an address that does not provide the name of a unique individual, or for the ISPs' internal costs to notify their customers. If necessary, the Court shall resolved any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISPs after the subpoenaed information is provided to Plaintiff.

6. Within seven days after the date of Plaintiff's service on the ISPs of a subpoena authorized herein, each ISP shall serve written notice of the subpoena on the Defendant about whom documents are sought in the subpoena. If an ISP or a Defendant about whom documents are sought in a subpoena wishes to have the subpoena quashed or modified, such person (whether it be an ISP or a Defendant) must file with the court and serve on counsel for Plaintiff a motion to quash or modify the subpoena prior to the return date for the subpoena (which is the date specified in the subpoena for production of the documents sought). The return date shall be no earlier than 28 days after the date of service by Plaintiff of the subpoena on the ISPs.

7. An ISP shall not produce any documents in response to a subpoena prior to the return date or, if any motions to quash or modify are filed with respect to the subpoena, unless and until an order is entered denying any such motions and permitting production pursuant to the subpoena (in which case production shall be in accordance with the terms of such order). Plaintiff shall notify the ISPs of the filing of any motion to quash or modify a subpoena within one day after the filing of the motion. An ISP shall make appropriate arrangements to ensure that

it has notice of any motions to quash or modify a subpoena before it produces any documents in response to the subpoena.

8. Any documents produced to Plaintiff in response to a subpoena, including the information contained therein, may be used by Plaintiff solely for the purpose of prosecuting its infringement claims in this action.

9. Except as expressly provided herein, by further order of the court, or in the Federal Rules of Civil Procedure, Plaintiff may not engage in discovery in this action prior to conducting a Rule 26(f) conference.

Dated: December 22, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge